IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMY TALLANT, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV688 |
| | ) | |
| vs. | ) | |
| | ) | **PROTECTIVE ORDER** |
| UNMC PHYSICIANS, f/k/a | ) | |
| UNIVERSITY MEDICAL ASSOCIATES, | ) | |
| BAKER PLACE CLINIC | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER came on for consideration pursuant to the agreement of the parties, Plaintiff and Defendant herein as evidenced by the signatures of their respective counsel below, for entry of a protective order to preserve the confidentiality of certain documents and records of Plaintiff and Defendant previously produced or to be produced to the opposing party or parties or their respective legal counsel, which documents will be designated by the producing counsel as "Confidential" by marking the same by hand or with a stamp to that effect. All such documents designated as "Confidential" shall hereinafter be referred to as "the records".

The parties, by agreement, further request the court to enter an order sealing any and all filings with and/or submissions to the court, including depositions conducted in the case, which contain proprietary information, including confidential employee records or trade secrets;

The Court, being fully advised in the premises, finds as follows:

IT IS ORDERED:

1. The records of Plaintiff and Defendant and any copies thereof shall be utilized by the opposing party or parties solely in connection with discovery, pretrial proceedings, preparation for trial, trial, appeal and/or settlement and for no other purpose and shall not be disseminated, published, shown or otherwise disclosed to any person or entity except as provided herein.

2. Access to the records of Plaintiff or Defendant shall be limited to attorneys of record and their staff, associates of the attorneys of record and their staff, the parties to this case, including directors, officers and employees thereof, the Court, the court staff, court reporters in connection with this action, and independent experts or consultants employed to assist any attorneys of record in the course of trial or pretrial preparation.

3. Before counsel discloses the records to any designated expert or consultant, such expert or consultant must first execute the following agreement:

AGREEMENT OF CONFIDENTIALITY

I hereby certify that I have read the Protective Order entered on _____, 2005, (the "Order") in the action now pending in the United States District Court for Nebraska entitled Amy Tallant, Plaintiff v. UNMC Physicians, f/k/a University Medical Associates, Baker Place Clinic, Defendant, Case No. 8:06cv688 (the "Action") and am fully familiar with its terms. I understand that in the course of my activities in connection with the Action I may have occasion to examine, inspect or be exposed to the records of Plaintiff or Defendant or the contents thereof. I therefore agree to be bound by and comply with all of the terms and prohibitions of the Order and not to do any act or thing in violation of the Order.

4. All persons to whom the records are disclosed pursuant to this Order shall:

   a. be responsible for keeping such custody or control over said records so as to assure that said records are not lost, misplaced or inadvertently disclosed in violation of the provisions of this Order;

   b. not reveal the contents of the records to any person not already subject to the terms of this Order;

   c. not reveal or use the contents of the records except for the purposes set forth in paragraph 1 above; and

   d. return promptly to counsel for the disclosing party any copy of any such records entrusted to him or her when no longer required by him or her for the purposes set forth in paragraph 1 above except that this paragraph 4(d) shall not apply to the court or court personnel.

5. Any and all filings with and/or submissions to the court which contain documents that have been stamped or marked "Confidential" pursuant to this Order must be filed under seal pursuant to the local rules of this Court and the procedures set forth in NECivR 7.5.

6. The execution and entry of the Protective Order shall in no way affect or impair the right of the Plaintiff or Defendant to raise or assert any objection or defense to the use, relevance or admissibility at trial of the records or any information contained therein. The parties to the agreement reserve the right to submit disagreements as to what information is confidential to the court by appropriate motion. If the records or any information contained therein are used in any depositions, all portions of the transcript of such depositions and the exhibits thereto which refer or relate to said records or any information contained therein shall be treated as confidential pursuant to the terms of this Protective Order.

7. Any party designating a record as "Confidential" shall do so in good faith for the purpose of protecting the personal, financial, medical, trademark or other confidential information contained in the document. A party who believes that a document should not be designated as confidential may apply to the Court for a determination of the validity of the designation but only after giving ten days notice to the opposing of the potential challenge. The burden shall remain with the party designating the document as confidential to establish that it should be so designated.

8. After this Action is terminated by the entry of a final and not-further-appealable order or by settlement, the records and the information contained therein and marked "confidential" shall not thereafter be disclosed to any third party and shall be returned to the party or parties producing the records regardless of whether the records have been made part of the court file or entered into evidence. Any documents marked "confidential" which are made

part of the court file, filed with the court, submitted to the court or entered into evidence in the trial of this action may remain in the custody of the Court but will remain sealed in the envelopes designated "Confidential".

DATED this 8th day of May, 2007.

>BY THE COURT:
>
>/s/ Lyle E. Strom
>_____
>U.S. DISTRICT COURT JUDGE

STIPULATED AND AGREED TO BY:

AMY TALLANT, Plaintiff,

  /s/ Andrew L. LeGrant
Mark D. Sherinian
Andrew L. LeGrant
SHERINIAN, WALKER LAW FIRM
4401 Westown Parkway
302 Neptune Building
West Des Moines, IA 50266
Phone: (515) 224-2079
Fax:    (515) 224-2321

and

John M. French
PETERS LAW FIRM
P.O. Box 1078
Council Bluffs, IA 51502-1078
Phone: (712) 328-3157
Fax:    (712) 328-9092
Email: John.French@peterslawfirm.com
ATTORNEYS FOR PLAINTIFF

UNMC PHYSICIANS, Defendant,

  /s/ William T. Oakes
William T. Oakes, #13093
Victor C. Padios, #23265
STINSON MORRISON HECKER LLP
1299 Farnam Street, Suite 1501
Omaha, NE 68102
Phone: (402)342-1700
Fax:    (402)930-1701
ATTORNEY FOR DEFENDANT